JORDAN; Circuit Judge,
concurring:
I concur in the Court’s opinion with the understanding that our holding in Part III is a narrow one which does not set out' any bright-line’ rules, and which is limited by the facts of this case, including the proffer made by defense counsel about the wide-ranging questions they wished to ask (such as questions about the application of the advisory Sentencing Guidelines).
The amount of prison time a government witness is hoping (or expecting) to avoid by cooperating can be very relevant to his motivation to do (and say) what pleases the government. The human condition strongly suggests that a person may not *943 be willing (or likely) to lie under oath if he expects his benefit to be 8 years in prison rather than 9, but his incentive to dissemble and falsify may increase exponentially if he expects to servé a couple of years in prison instead of a couple of decades. See, e.g., Miriam Hechler Baer, Cooperation’s Cost, 88 Wash. U.L. Rev. 903, 936 (2011) (noting the motivation to lie where “a potentially massive reduction in sentence is at stake.”). In an appropriate case, therefore, it may be necessary to allow defense counsel to ask a cooperating witness how much of a break he expects to get (or has already received) in exchange for testifying "for the government. See Brown v. Powell, 975 F.2d 1, 6 (1st Cir. 1992) (Pollack, D.J., dissenting). And that may, in turn, require questions about statutory penalties, notwithstanding possible concerns about jury nullification. Because we “generally presume that jurors follow their instructions,” Penry v. Johnson, 532 U.S. 782, 799, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001), we should not lightly assume that mere knowledge of available statutory pen-' alties will transform a jury from a deliberative group into a lawless body.
Assume, for example, that in a federal narcotics case a cooperating witness is indicted on drug trafficking charges and faces a mandatory minimum sentence of 20 years in prison due to (a) the amount of cocaine involved and (b) his prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(A). But he agrees to cooperate, provides the government with historical information, and testifies at trial against his co-defendants. In exchange, the government agrees to dismiss the indictmiént against him, and files a superseding information with a single count of using a communications facility to commit a drug trafficking' offense. See 21 U.S.C. § 843(b). That charge, given the witness’ prior felony drug conviction, is punishable by no more than 8 years in prison. See 21 U.S.C. § 843(d)(1). So, by the time the witness testifies, he has already received (no matter what happens to him at his sentencing) the benefit of shaving off 12 years in prison simply because of the government’s charging decisions. In that circumstance, there would be a strong Sixth Amendment claim that defense counsel should be able to ask about the mandatory minimum sentence the witness faced under the initial indictment and the maximum (and substantially lower) sentence he is now facing under the superseding information. See United States v. Larson, 495 F.3d 1094, 1104 (9th Cir. 2007) (en banc) (“Because the jury was sufficiently apprised of Poi-tra’s incentive to testify to the Government’s satisfaction—including the [five-year] mandatory minimum sentence Poitra faced in the absence of cooperation with the Government—there was no Sixth Amendment error.”); United States v. Mussare, 405 F.3d 161, 170 (3d Cir. 2005) (requiring “an examination of whether the magnitude of reduction would likely have changed the jury’s mind regarding [a witness’] motive for testifying”); United States v. Cooks, 52 F.3d 101, 103-04 & n.13 (5th Cir. 1995) (holding that it was error for district court to preclude questioning of cooperating witness as to the 99- and 40-year sentences he faced for charges in Texas and Louisiana).
The Court’s opinion, which cites these cases, does not foreclose such a Sixth Amendment claim. I therefore join it in full.